[No. 9026.   Department Two.   December 10, 1910.]

WILLIE TALKINGTON, *by his Guardian Ad Litem J. B. Talkington, Respondent,* v. WASHINGTON VENEER COMPANY, *Appellant.*[1]

MASTER AND SERVANT — INJURIES TO SERVANT — FACTORY ACT — GUARDING SHAFTING—APPLICATION—ASSUMPTION OF RISKS. Rem. & Bal. Code, § 6587, requiring the operators of factories and mills to provide suitable safeguards for all shafting "with which the employees . . . are liable to come in contact while in the performance of their duties" can have no application to an accident in which a boy was injured while voluntarily using a shaft as a horizontal bar for gymnastic exercises, and did not come in contact with it in the performance of his duties; and the defense of assumption of risks accordingly applies (CROW, J., dissenting).

SAME—CONTRIBUTORY NEGLIGENCE — YOUTHFUL EMPLOYEE — QUESTION FOR JURY. Where the evidence is in direct conflict as to the appreciation of danger by a boy fourteen years of age, it is a question for the jury to determine whether he was guilty of contributory negligence in playing on an idle shaft, which would start revolving when the mill started up.

SAME—CONTRIBUTORY NEGLIGENCE—FAILURE TO HEED WARNING—INSTRUCTIONS. Where a boy was ordered by the foreman to get down from a shaft upon which he was playing, for the reason that the mill was about to start up, and there was positive evidence that he had time to do so, but stood for a perceptible period of time with his arm on the shaft, it is reversible error to refuse to give an instruction that, if he could have obeyed the order with reasonable diligence and failed to do so, he could not recover.

[1]Reported in 112 Pac. 261.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered February 11, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor employed in a box factory. Reversed.

*Bates, Peer & Peterson*, for appellant.

*Govnor Teats, Hugo Metzler, and Leo Teats*, for respondent.

CROW, J.—Action for personal injuries by Willie Talkington, by his guardian *ad litem*, against Washington Veneer Company, a corporation. From a judgment in his favor, defendant appeals.

The appellant corporation owns and operates a box factory in which it has installed a machine for cutting veneer. The respondent, Willie Talkington, a minor, fourteen years of age, was employed by appellant to work near this machine. Slightly back of and parallel with it, but about seven and a half feet above the floor, was an unguarded shaft, two inches in diameter. The mill frequently stopped, at which times the shaft revolved slowly or became stationary. Respondent and other boys employed in the mill were then in the habit of playing on the shaft by hanging to it with their hands and seeing how long they could remain after the shaft commenced to revolve. The boys were all subject to the orders of one Levi Fliflet, appellant's foreman, who worked with them. On the day of the accident, Willie Talkington threw one of his legs over the shaft, which was then stationary, and with his head hanging downward, told another boy he could not do the same act. The foreman ordered him down, telling him the mill was about to start, and that he might be injured. Respondent removed his leg from the shaft, had his feet on a bench underneath, but while his hand was still in contact with the shaft the mill started, it revolved, caught his arm, wrapped it around the shaft, and injured him.

There was evidence, some of it disputed, tending to show that, to the foreman's knowledge, the boys frequently played on this shaft; that they reached it by stepping on a bench or box some eighteen inches in height, located immediately beneath it on the mill floor; that they could not ordinarily come in contact with it while engaged in the performance of their duties, but that occasionally, when material accumulated on the bench, their heads might reach it while they were thus employed; that it was unguarded; that it could have been guarded without impairing its usefulness or functions, and that the foreman had cautioned the boys, including respondent, not to play on the shaft. Respondent alleges the appellant was negligent in failing to safeguard the shaft, and in knowingly permitting the boys to play on the shaft, they, by reason of their youth, being ignorant of the attendant dangers.

Appellant first contends that its alleged negligence in failing to guard the shaft is not sustained by the evidence; that under the factory act, Rem. & Bal. Code, § 6587, it was only required to provide and maintain safeguards on shafts with which its employees were liable to come in contact while engaged in the performance of their duties; that this particular shaft was far above the heads of the boys; that they could only reach it by climbing on the box or bench; that appellant was not required to guard it, and that it was not negligent in failing to do so. The trial court held the evidence of one witness, although disputed, was sufficient to show that at certain times the boys might come in contact with the shaft while in the performance of their duties, and submitted to the jury the question as to whether it should have been safeguarded. Section 6587, *supra*, provides that the operators of factories, mills and workshops shall provide reasonable safeguards for all shafting "with which the employees of any such factory, mill or workshop are liable to come in contact while in the performance of their duties." The undisputed evidence shows that at the time of receiving

the injuries complained of, the respondent was voluntarily using the offending shafting as a horizontal bar for gymnastic exercises, and that he did not come in contact therewith while in the performance of his duties. The majority of this court, with whom the writer does not agree, hold that such being the admitted fact, the factory act has no possible application, and that any question as to its violation should have been withdrawn from the consideration of the jury. The writer, speaking for himself only, is however, of the opinion that the action of the trial judge in submitting this issue to the jury should be sustained; that if at times, as the evidence of one witness indicates, appellant's employees while in the performance of their duties might come in contact with the shaft, it was appellant's duty to safeguard it. Had appellant not been negligent in failing to discharge this duty, the accident could not have occurred, and the respondent, a minor employee of tender years, who should have been instructed, warned, and protected against such dangers, would not have been injured.

Appellant further contends that the evidence did not show respondent was ignorant of the danger of playing on the shaft, or that the appellant had failed to warn him; that on the other hand, the evidence did show respondent fully appreciated and understood the danger, that as a matter of law he was guilty of such contributory negligence as to preclude a recovery herein, and that appellant's motions for a nonsuit and a directed verdict should have been sustained. We have carefully read the evidence, find that it was in direct conflict, and conclude that, in view of respondent's youth, it was for the jury to determine whether he was guilty of contributory negligence.

Appellant requested the following instruction:

"You are instructed that if you believe from the evidence that while the plaintiff, Willie Talkington, was on the shaft or using the shaft, he was instructed by the foreman to get down off from the shaft, and if you further find that the said

Willie Talkington, by the exercise of reasonable diligence, could have got down from the shaft before the machinery started, but that he failed and refused to obey said order, then the plaintiff cannot recover, and your verdict should be for the defendant."

This instruction was not given, nor was any other one to the same effect given by the trial judge. While there was evidence tending to show that the respondent did not have time to get down and away from the shaft before the machinery started, there was also positive evidence to the effect that he did have an abundance of time; that after he was ordered down by the foreman, he stood on the box with his hand on the shaft, for quite a perceptible period of time, before and until the mill started. There is no dispute as to the order given by the foreman; that it was given is conceded by all of the witnesses, the only dispute being as to the time that elapsed after it was given and before the mill started. The order being given, it was respondent's duty to promptly obey. He knew this duty and that he was subject to the commands of the foreman. If by exercising reasonable diligence he could have withdrawn himself from the shaft after the order was given, and before the machinery started, but by refusing to obey failed to do so, he cannot recover in this action. There was evidence introduced on behalf of appellant sufficient to sustain a finding of such refusal. The failure of the trial judge to give this requested instruction was prejudicial error.

The judgment is reversed, and the case remanded for a new trial.

Rudkin, C. J., Chadwick, and Dunbar, JJ., concur.

Morris, J. (concurring)—I concur with the majority that the factory act has no application to this case, for the reason that the injury occurred while the respondent was at play. It is further apparent from the record that such an injury could not occur while respondent was at work, taking the height of the shaft above the table at which, and sometimes upon which, he worked. His act was, therefore, an independ-

ent, reckless act. He was 14 years old and understood its danger. The rule of assumption of risk should therefore apply, and the court should have directed verdict for appellant. The cause should be remanded with instructions to dismiss.